# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| | | |
|---|---|---|
| GARY VAUGHN | § | |
| VS. | § | CIVIL ACTION NO. 9:14cv84 |
| BRIAN BLANCHARD | § | |

## MEMORANDUM OPINION REGARDING VENUE

Plaintiff Brian Blanchard, an inmate confined at the Hughes Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983.

The above-styled action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

## Factual Background

Plaintiff complains that the defendant has violated his constitutional rights.

## Analysis

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curium*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in

which the claim arose. Here, plaintiff complains of incidents which occurred at the Hughes Unit located in Coryell County, Texas. Further, the defendants are located in Coryell County, Texas. When public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their official duties, which in this case is Coryell County, Texas. *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982); *Lowrey v. Estelle*, 433 F.2d 265 (5th Cir. 1976).

Pursuant to 28 U.S.C. § 124, Coryell County is in the Waco Division of the Western District of Texas. As Coryell County is located in the Wester District of Texas, venue in the Eastern District of Texas is not proper.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This case should be transferred to the Western District of Texas. An appropriate order so providing will be entered by the undersigned.

**SIGNED** this   4   day of        December       , 2014.

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE